DANIEL TRUMPOWER v. GEORGE S. MARCEY.

*Recording laws—Bona fide purchaser—Tenant in possession—*
*Notice.*

1. While it is true that possession of land by a tenant is notice to put a purchaser upon inquiry, yet the force of the notice is broken if, upon inquiry, the tenant disclaims title.

2. A tenant was in possession of a farm under a verbal lease for one year at the time of its purchase at administrator's sale, the lessor having died during the term. After the sale the tenant cut down a tree in the meadow, and cut it up into firewood for use for threshing purposes, claiming that under the terms of the lease he had the right to do so. He was present at the administrator's sale, and stated what claims he had to the farm and its occupancy, but made no claim to the tree in question. And it is held that the title to the tree passed to the purchaser, who bought without notice of the tenant's claim.

Error to Ionia. (Smith, J.) Submitted on briefs May 13, 1892. Decided July 28, 1892.

Trespass. Defendant brings error. Reversed. The facts are stated in the opinion.

*Davis & Nichols,* for appellant, contended:

1. A cropper on shares is simply a tenant in common of the crop; citing *Fiquet v. Allison,* 12 Mich. 328: *Sutherland v. Carter,* 52 Id. 471; Cooley, Torts, 434, and cases cited; and he cannot bring an action for trespass to the realty without joining the owner of the plea as a co-plaintiff; citing *Hare v. Celey,* Cro. Eliz. 143; *Foote v. Colvin,* 3 Johns. 216; *Bradish v. Schenck,* 8 Id. 151; *Walker v. Fitts,* 24 Pick. 191.

2. Standing green timber is a part of the realty, and passes by deed without reservation; citing *Vanderkarr v. Thompson,* 19 Mich. 82; *Tripp v. Hasceig,* 20 Id. 254; *Scriven v. Moote,* 36 Id. 64; *Knapp v. Woolverton,* 47 Id. 292; and an oral grant is absolutely void at common law, as well as under our statute

92 MICH—34.

of frauds; citing How. Stat. § 6179; Washb. Real Prop. (5th ed.) 8, 9; *McGregor v. Brown*, 10 N. Y. 117; *Green v. Armstrong*, 1 Denio, 550; and the statute covers every case where an interest in land is divested by the act of the party, and applies to surrenders as well as to transfers; citing *Whiting v. Butler*, 29 Mich. 144; *Wood v. Railroad Co.*, 90 Id. 334.

3. There can be no half-way ground between a grant and a license; and if the agreement be called a grant or a conveyance, or even a right connected or coupled with the lease, and, in the language of the Court, "something more than a license," it must have created in the plaintiff some interest in the realty, and the statute requires such an agreement to be in writing; citing *Russell v. Myers*, 32 Mich. 522; *Wetmore v. Neuberger*, 44 Id. 362; *Spalding v. Archibald*, 52 Id. 365; *Williams v. Flood*, 63 Id. 490; and if it was less than a grant, it must have been a license, and was revoked by the death of the licensor; citing *Estelle v. Peacock*, 48 Mich. 469; and that it was a license, see *Stickney v. Parmenter*, 35 Mich. 237.

*John S. Bennett*, for plaintiff.

MONTGOMERY, J. Plaintiff brought an action of trespass for the conversion of five cords of wood.

It appeared that the plaintiff made a verbal contract with one Briggs for a lease of his farm for a year, yielding a portion of the crops as rental. By the terms of the contract, as claimed by the plaintiff, he obtained the right to cut a tree standing in a meadow, to be used as fuel for an engine in threshing the grain raised upon the farm. The lease expired April 1, 1891. Mr. Briggs died in July, 1890, and the farm was sold at administrator's sale March 16, 1891. After the decease of Mr. Briggs, in July, 1890, the plaintiff made a new arrangement with the administrator to put in a crop of wheat, which was put in in the fall of 1890, and to be harvested in the summer of 1891. After the administrator's sale in March, 1891, the plaintiff cut the tree down, and hauled the wood to the wheat field, to be used for threshing this wheat. Defendant, upon taking

possession of the farm, took possession of the wood, and converted it to his own use, claiming that the tree was part of the realty when he purchased, and that the agreement between the plaintiff and Briggs was void under the statute of frauds. Plaintiff was in possession at the time of the purchase by the defendant. It appeared that the defendant was aware of this, and was also aware that he was there as a tenant. The plaintiff was present at the administrator's sale, and stated what claims he had to the place and the occupancy of it, which did not include any claim to this tree in question.

There was no written conveyance of the tree, or contract relating to it, and, of course, no record in the office of the register of deeds. The defendant became the purchaser for value and in good faith of the property, without notice of any claim of plaintiff to any of the standing trees. Under these circumstances, I think the title to the tree passed to the defendant.

I do not think the question involved is strictly a question of estoppel. It is a question as to whether the property in this tree vested in the defendant by his purchase, and this necessarily depended upon whether he bought without notice of plaintiff's claim. In the absence of possession, the fact that there was no record notice of any claim to this tree would be sufficient to determine the question of property in favor of defendant. And while it is true that possession is notice to put a purchaser upon inquiry, yet the force of that notice is broken, if, upon inquiry, the tenant disclaims title.

It follows, therefore, that, if the defendant's theory upon the facts is true, the absolute title to this tree vested in the defendant. Plaintiff had no right to cut it, and, he never having that right, the title to the product of the tree remained in the defendant.

Judgment should be reversed, with costs, and a new trial ordered.

MORSE, C. J., McGRATH and LONG, JJ., concurred with MONTGOMERY, J.

GRANT, J. *(dissenting)*. This is an action of trover for five cords of wood of the value of five dollars. Verdict and judgment were for the plaintiff.

Plaintiff made a verbal contract with one Briggs for the lease of his farm for a year, yielding a portion of the crops as rental. By the terms of the contract plaintiff obtained the right to cut a tree standing in a meadow, to be used as fuel in the engine of a threshing-machine to be used in threshing the grain raised upon the farm. The lease expired April 1, 1891. Mr. Briggs died in July, 1890, and the farm was sold at administrator's sale March 16, 1891, to the defendant. Plaintiff was in possession of the farm at the time, and after the sale cut down this tree, and hauled the wood to the wheat field, to be used for threshing. Defendant, upon taking possession of the farm, converted the wood to his own use, claiming that the tree was part of the realty when he purchased, and that the agreement between plaintiff and Briggs was void under the statute of frauds.

A parol lease for a year is valid. How. Stat. § 6179. The terms of such a lease rest in and must be proved by parol. So long as those terms are consistent with ordinary farm use, they are valid, and do not conflict with the statute. The use of wood by a tenant for household and farm purposes is one of the ordinary incidents of farm leases. The defendant knew that plaintiff was in possession under a lease, and was therefore chargeable with notice of all plaintiff's rights.

Plaintiff was present at the administrator's sale, and

said nothing about his claim to this tree. It is insisted that this conduct creates an estoppel. The sufficient answer is that no estoppel was pleaded. *Dale v. Turner,* 34 Mich. 405.

Judgment should be affirmed.